# UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| | (For **Revocation of Supervised Release**) |
| v. | Case Number: 02-cr-00159-WDM-01 |
| | USM Number: 30948-013 |
| JEFFREY K. DONOHO | Susan Fisch, AFPD |
| | (Defendant's Attorney) |

**THE DEFENDANT:** Admitted guilt to violations one and two, as alleged in the probation officer's petition.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| One | <u>Failure to Comply With Special Condition</u>: No access to any Internet sites that contain child pornography. The defendant shall not communicate via computer, or otherwise, with any person that defendant has reason to believe is a minor concerning anything relating to child pornography or sexual activity involving minors. | 12/06 |
| Two | <u>Failure to Comply With Special Condition</u>: The defendant shall participate in an approved program of sex offender evaluation and treatment, which may include polygraph and plethysmograph examinations, as directed by the probation officer. The defendant will be required to pay the cost of treatment as directed by the probation officer. The court authorizes the probation officer to release psychological reports and/or the presentence report to the treatment agency for continuity of treatment. | 02/13/07 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

DEFENDANT:  JEFFREY K. DONOHO
CASE NUMBER:  02-cr-00159-WDM-01                                                                 Judgment-Page 2 of 6

   It is further ordered that the Addendum to this judgment, which contains the defendant's social security number, residence address and mailing address, shall be withheld from the court file and retained by the United States Probation Department.

                       May 18, 2007
                       Date of Imposition of Judgment

                s/ Walker D. Miller
                          Signature of Judge

                Walker D. Miller, U.S. District Judge
                         Name & Title of Judge

                May 23, 2007
                             Date

DEFENDANT:  JEFFREY K. DONOHO
CASE NUMBER:  02-cr-00159-WDM-01                                                      Judgment-Page 3 of 6

## IMPRISONMENT

     The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of seven (7) months.

     The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

     Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

DEFENDANT:  JEFFREY K. DONOHO
CASE NUMBER:  02-cr-00159-WDM-01                                                             Judgment-Page 4 of 6

By_____
Deputy United States Marshal

DEFENDANT:  JEFFREY K. DONOHO
CASE NUMBER:  02-cr-00159-WDM-01                                                                       Judgment-Page 5 of 6

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of twenty-six (26) months.

The defendant must report to the probation office in the district to which he is released within 72 hours of his release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within
15 days of release from imprisonment and two periodic drug tests thereafter.

The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer.

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.
2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support his dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons.
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician.
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

DEFENDANT:  JEFFREY K. DONOHO  
CASE NUMBER:  02-cr-00159-WDM-01                                                                      Judgment-Page 6 of 6

9) The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.

10) The defendant shall permit a probation officer to visit him at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14) The defendant shall provide the probation officer with access to any requested financial information.

## ADDITIONAL CONDITIONS OF SUPERVISION

1. The defendant shall reside in a community corrections center for a period of up to 180 days months, to commence upon release from custody, and shall observe the rules of that facility.

2. The defendant shall participate in an approved program of sex offender evaluation and treatment, which may include polygraph and plethysmograph examinations, as directed by the probation officer.  The defendant will be required to pay the cost of treatment as directed by the probation officer.  The court authorizes the probation officer to release psychological reports and/or the presentence report to the treatment agency for continuity of treatment.

3. The defendant shall not access any Internet sites that contain child pornography, i.e., sexually explicit material depicting minors.  The defendant shall not communicate via a computer, or otherwise, with any person that defendant has reason to believe is a minor concerning anything relating to child pornography or sexual activity involving minors.

4. The defendant shall allow the probation officer to make periodic, unannounced examinations at any reasonable time of any computer or Internet access device used by him, except a computer owned by the defendant's employer and not located at the defendant's residence. The defendant shall, upon demand, immediately provide the probation officer with any password required to access data or programs on such computers or devices, and shall allow the probation officer to copy information which the probation officer believes may be evidence of a law violation or technical violation of a condition of supervised release.

5. The defendant shall allow the probation officer to install site-blocking software deemed appropriate by the probation officer on any computer used by him, except a computer owned by his employer and not located at the defendant's residence.  The defendant shall not attempt to remove or otherwise defeat the site-blocking system installed by the probation officer.

DEFENDANT:  JEFFREY K. DONOHO
CASE NUMBER:  02-cr-00159-WDM-01                                                      Judgment-Page 7 of 6

6. The defendant shall notify the probation officer of all computers and/or other Internet access devices to which the defendant has access.  The defendant shall allow the probation officer to make unannounced examinations of the data stored on the defendant's personal computer(s) and other Internet devices, and collected by such system(s) at any reasonable time and copy data which the probation officer believes may be evidence of a law violation or a technical violation of a condition of supervision.

7. The defendant shall not have any unsupervised contact with anyone under the age of 18.

8. The defendant shall participate in a program of mental health treatment, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer.  The defendant shall pay the cost of treatment as directed by the probation officer.  The Court authorizes the probation officer to release to the treatment agency all psychological reports and/or the presentence report for continuity of treatment.

9. The defendant shall remain compliant and shall take all medications that are prescribed by his/her treating psychiatrist.  The defendant shall cooperate with random blood tests as requested by his treating psychiatrist and/or supervising probation officer to ensure that a therapeutic level of his/her prescribed medications is maintained.